IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01204-BNB

ARTURO MURILLO,

    Applicant,

v.

KEVIN MILYARD, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 16 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER TO SHOW CAUSE

---

Applicant, Arturo Murillo, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Murillo filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Denver District Court case number 06CR10697. He has paid the $5.00 filing fee.

On June 2, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 11, 2009, Mr. Murillo filed a motion for stay and abeyance. On June 16, 2009, Respondents filed their pre-answer response. In the pre-answer response, Respondents contend that Mr. Murillo failed to exhaust one of his three asserted claims. Mr. Murillo has failed to reply to the pre-answer response, although he was given the opportunity to do so.

The Court must construe liberally Mr. Murillo's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Murillo will be ordered to show cause why the application should not be denied as a mixed petition.

Mr. Murillo was convicted by a jury in Denver District Court Case No. 06CR10697 on charges of felony murder, burglary, and robbery. On February 2, 2007, the trial court sentenced him to life imprisonment in the DOC. On October 9, 2008, the Colorado Court of Appeals affirmed on direct appeal. *See People v. Murillo* (No. 07CA0536 (Colo. Ct. App. Oct. 9, 2008) (not published). On February 2, 2009, the Colorado Supreme Court denied certiorari review. Mr. Murillo has not initiated any postconviction proceedings.

On May 14, 2009, the Court received the original habeas corpus application, which was filed on May 26, 2009. Respondents concede that the instant action is filed within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, because Respondents admit that the instant action was filed in a timely manner, the Court need not address further the one-year limitation period.

Mr. Murillo asserts three claims. They are as follows:

> 1.     He received ineffective assistance of counsel because his trial counsel withdrew the motion to suppress his videotaped interview.

2

2.      The trial court denied his right to the effective assistance of counsel in denying his motion for substitution of counsel.

3.      The trial court denied his right to due process when it denied his motion for a mistrial.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose*, 455 U.S. at 522; *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Respondents contend, and the Court agrees, that Mr. Murillo has exhausted claims two and three on direct appeal. However, Respondents argue that Mr. Murillo failed to exhaust claim one, which he presented for the first time on direct appeal. The state appeals court refrained from addressing the merits of Mr. Murillo's claim, holding that the claim first should be presented to the state trial court in a postconviction proceeding pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. *See* No. 07CA0536 at 15-17. Therefore, Mr. Murillo failed to exhaust claim one. As a result, his application is subject to dismissal as a mixed petition containing claims that are both unexhausted (claim one) and exhausted (claims two and three).

Citing to *Rhines v. Weber*, 544 U.S. 269 (2005), Mr. Murillo moves the Court to stay this action while exhausts in state court two additional unexhausted claims unrelated to his first claim. Those claims are "ineffective assistance of trial counsel, for failure to present any cognizable defense" and "the impaneling of a biased juror, without

trial counsel mov[ing] to strike the juror." Motion for stay and abeyance at 2. *Rhines* held that a federal district court has discretion to stay a mixed petition and hold it in abeyance to allow the applicant first to present his unexhausted claims to the state court, and then to return to federal court for review of his perfected petition. However, stay and abeyance is available only in limited circumstances. *Id.* at 277. "Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

Mr. Murillo has failed to provide good cause for his failure to exhaust either his first claim, or the two additional claims he also seeks to assert in this action. Certiorari review on his direct appeal was denied on February 2, 2009. The time during which a properly filed postconviction motion is pending in state court tolls the one-year limitation period under 28 U.S.C. § 2244(d). *See Habteselassie v. Novak*, 209 F.3d 1208 (10th Cir. 2000). Pursuant to Colo. Rev. Stat. § 16-5-402, Mr. Murillo has sufficient time to return to state court to pursue a properly filed postconviction motion and still be able to file a second 28 U.S.C. § 2254 application within the time requirements of § 2244(d). Therefore, the motion for stay and abeyance will be denied.

However, rather than have the Court dismiss the application as a mixed petition, Mr. Murillo will be allowed to proceed only on the exhausted claims two and three and dismiss voluntarily the unexhausted claim one. Therefore, Mr. Murillo will be ordered to show cause why the instant application should not be denied as a mixed petition. Alternatively, the Court will allow Mr. Murillo to dismiss voluntarily his unexhausted claim and to proceed with the exhausted claims. Accordingly, it is

5

ORDERED that the motion for stay and abeyance is denied.  It is

FURTHER ORDERED that Applicant, Arturo Murillo, show cause within thirty

days from the date of this order why the habeas corpus application should not be

denied as a mixed petition.  It is

FURTHER ORDERED that, alternatively, Mr. Murillo may dismiss voluntarily the

unexhausted claim one and proceed with exhausted claims two and three.

DATED at Denver, Colorado, this 16th day of July, 2009.

BY THE COURT:


s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


**CERTIFICATE OF MAILING**


Civil Action No.  09-cv-01204-BNB

Arturo Murillo
Prisoner No.  132674
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

John T. Lee
Assistant Attorney General
**DELIVERED ELECTRONICALLY**


    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/16/09

GREGORY C. LANGHAM, CLERK


By: _____
               Deputy Clerk